Sullivan, Administrator, *v.* Sullivan.

Filed January 18, 1893.

----

No. 611.

SULLIVAN, ADMINISTRATOR, *v.* SULLIVAN.

EVIDENCE.—*Incompetency of.—Decedent's Estate.—Claim Against.—Testimony Dehors the Issue.*—Where a decedent's widow sought to enforce a claim against her deceased husband's estate, and the question of fraud was not in issue, and without a statement of what facts were expected to be proven by the witness, the following questions were propounded: "What was the mental and physical condition of the deceased, William Sullivan, if you know, in the latter part of his life?" also a question tending to prove that the decedent "was somewhat feeble, and that the plaintiff took advantage of this feeble condition"—it was held that the proffered testimony, under the circumstances, was incompetent.

Sullivan, Administrator, v. Sullivan.

WITNESS.—*Competency of.*—*Statement of What is Expected to be Proven.*—Where the question is as to the competency of the witness to testify at all, the party introducing such witness need not state what he expects to prove by him.

SAME.—*Decedent's Estate.*—*Party in Interest.*—*Party Necessary to the Record or Issue.*—*Competency of.*—A witness is not debarred from testifying in an action against a decedent's estate, concerning matters which occurred during the decedent's lifetime, simply because he has an interest in said estate, but, to be incompetent, he must be a necessary party to the issue or record, and must have an interest adverse to the estate.

From the Boone Circuit Court.

*T. W. Lockhart* and *J. O. Pedigo*, for appellant.

*C. M. Zion*, for appellee.

REINHARD, C. J.—The appellee is the widow of the appellant's decedent who has children living by a former marriage, but none by the appellee. This action consists of a claim by said appellee against her husband's estate. The claim is itemized, and is for her absolute allowance of $500, improvements made on her husband's farm, seed wheat, interest in stock on farm, provisions furnished the decedent for eight years, and a few other items. To this claim the appellant filed an answer in general denial and a set-off. It was claimed by the appellant on the trial that the appellee had and claimed the ownership of a certain promissory note for $300, which, though payable on its face to the appellee, was, in fact, the property of said estate, having been given for money loaned to the payee, one Shirley, by the claimant, out of the funds of said decedent, of which she had control in the lifetime of her husband. The cause was tried by the court; there was a finding for the claimant, and an allowance to her of $605.57 out of the assets of the estate. A motion for a new trial was made and overruled.

The cause relied upon for a new trial below, and for the reversal of the judgment here, is the rejection of the testimony of certain witnesses. One William T. White

Sullivan, Administrator, *v.* Sullivan.

was called as a witness for the appellant and was asked the question: "What was the mental and physical condition of the deceased, William Sullivan, if you know, in the latter part of his life?" The appellee's counsel objected to the question on the ground "that there was no matter of fraud or any other plea which would permit such proof." The court sustained the objection and the appellant excepted. Thereupon the appellant offered to prove by the witness that the deceased "was somewhat feeble, and that the plaintiff took advantage of this feeble condition." Upon the renewal of the objection the court again sustained it, remarking "that any debility or any overreaching would be out of the issues formed in this case, unless there had been some pleading to that effect."

Without determining the correctness of the basis of the court's conclusion, it is sufficient to say that in our opinion there was no available error in the ruling. The appellant's counsel should have stated more particularly the facts to be proved by the witness. The fact that the deceased "was somewhat feeble and that the plaintiff took advantage of this feeble condition" proves nothing, and fails to disclose upon what theory the testimony would be relevant or material. It does not show how the appellee "took advantage" of the "condition." For aught that appears, she may have done so in a perfectly legitimate manner. Mere feebleness of mind and body does not necessarily debar a person from making a legitimate disposition of his property, while it may do so under certain circumstances. The appellant also introduced one Daniel M. Sullivan, and proposed to examine him as a witness on behalf of the estate. It was ascertained, upon preliminary examination of the witness as to his competency, that he was a son of the decedent, and one of his heirs. Thereupon the counsel for the appellee objected to his testifying as a witness in the cause, for the reason that he was an heir and a party to the issue and interested in the matter

in controversy, and for the further reason that he was a party to the record. This objection the court sustained, and the appellant excepted.

Appellant's counsel undertake to set out in the bill of exceptions what they proposed to prove by the witness, in order to demonstrate, we suppose, that the evidence sought to be introduced was material and relevant. This, however, under the rulings of the Supreme Court, is not necessary. Where the objection is to the right of the witness to testify at all, the party introducing such witness need not state what he expects to prove by him, as the question for the court to pass upon in such a case is not as to the competency of his testimony, but as to the competency of the witness himself. *State, ex rel.,* v. *Thomas,* 111 Ind. 515; *Sutherland* v. *Hankins,* 56 Ind. 343.

The appellee's counsel insist that the witness was incompetent under sections 498 and 499, R. S. 1881. The first of these sections enacts that "in suits or proceedings in which an executor or administrator is a party, involving matters which occurred during the lifetime of the decedent, where a judgment or allowance may be made or rendered for or against the estate represented by such administrator or executor, any person who is a necessary party to the issue or record, *whose interest is adverse to such estate,*" shall not be a competent witness.

The case before us comes within the class of cases designated in this section. It is a proceeding in which an administrator is a party, and the claim involves matters that occurred during the lifetime of the decedent, and a judgment or allowance may be, and in this case was, rendered against the estate. But while the case is such as the statute defines, the proposed witness is far from falling within the class prohibited from testifying in such cases. He was not a party to the record at all, and, if he was "a party to the issue," he was clearly not one whose interest is adverse to the estate. The purpose of this section was

to exclude parties having claims against dead men's estates from robbing them. The decedent is debarred from testifying by death, and to allow a party having, or interested in, a claim against his estate the opportunity of making out such claim by his own testimony would not only give such party an undue advantage, but would hold out inducements for fraud and perjury. It was not intended, however, by this enactment, to exclude parties whose interest is favorable to the estate from testifying against it. There is no inhibition placed upon outsiders who are either disinterested or whose interest is on the side of the estate. The witness was not incompetent by reason of section 498, nor was he so under section 499, for that section contemplates only suits between heirs or by or against such, founded on a demand against the ancestor to obtain title to or possession of his property, or to affect it in any manner. This was not such a suit. See Henry's Probate Law, 309, *et seq.*, and Works' Practice, 1219, where the questions are discussed and the authorities cited.

Our conclusion is that the witness was not incompetent under either section, nor under both when construed together, and that, consequently, the court erred in not allowing him to testify.

The appellant also called one Robert G. Pedigo, a son-in-law of the decedent, as a witness on behalf of the estate. Over the objection and exception of the appellant the court refused to permit said witness to testify also, for the reason that he was " an heir and a party to the issues " in the cause. Pedigo had no interest whatever in the estate or the result of the trial, except perhaps to the extent of seeing that the interest of his wife in the estate was duly protected and that she receive what she was entitled to by the law. For the reasons already stated, we think the court erred in its ruling that Pedigo was incompetent as a witness.

Appellee's counsel strenuously insist that even if error

was committed by these rulings, yet that the result reached was fully as favorable as the appellant was entitled to, and that, therefore, there should be no reversal. In this view of counsel we can not concur. It is impossible for us to determine what effect the evidence, if received, might have had upon the mind of the court in forming its conclusions upon the amount of the allowance, or the merits of the case generally. We have already seen that we are precluded from going beyond the question of the competency of the witnesses, and can not enquire into the appropriateness of the testimony sought to be elicited, even if the same is correctly set out as proposed. If the appellee believed that the matter as to which the witnesses were to testify was not proper evidence, she should have placed her objection upon that ground, rather than the one that the witness was disqualified from testifying at all. If the court had then excluded the testimony for the reason of its irrelevancy or immateriality, we would be in a position to determine whether the appellant had been injured by such ruling. As it is, we must assume that the testimony was proper. Our conclusion is that the refusal of the court to permit the witnesses to testify was available error, and that the motion for a new trial should have been sustained.

Filed January 18, 1893.