**Randall WILBER, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 882 S 295.**

Supreme Court of Indiana.

March 5, 1984.

Ronald K. Smith, Muncie, for appellant.

Linley E. Pearson, Atty. Gen., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant-defendant, Randall Wilber, was convicted in a trial by jury of murder and received a sentence of thirty years. In this his first and direct appeal the claims are put forth that (1) the trial court erroneously admitted testimony regarding the medical history of the alleged victim, (2) the trial court erred in refusing to submit jury instructions on the lesser offenses of voluntary and involuntary manslaughter, and (3) the evidence was insufficient to convict.

The testimony supporting the verdict showed that appellant and two other young men were driving around in appellant's car, when they decided to rob Robert Disher at Disher's house. Appellant drove them there, and parked nearby, while the other two went up to the house and knocked on the door. When Disher answered, he was knocked down and his wallet was taken. The three then fled in appellant's' car and divided the money from the wallet. Mr. Disher was found by police and emergency medical technicians lying unconscious on the floor inside the front door of his home. He had several bloody cuts to the head. Disher underwent surgery to remove a blood clot near his brain. He never regained consciousness and two weeks later died of post-operative meningitis and pneumonia.

Further evidence was produced that three or four days prior to this attack, appellant and one of the same young men had gone in appellant's car to Disher's home and had beaten and robbed him.

## I.

Dr. Benz, the forensic pathologist who performed the autopsy on Disher on September 18, 1981, testified as to his opinion of the cause of death. In the course of his testimony, Benz, over objection by the defense was permitted to testify that the medical reports of the treating physicians reflected Disher's age, time of death, and that a large blood clot overlying the brain on the right side of the head had been removed. Benz's opinion was that death was the result of meningitis and pneumonia which developed during coma following an operation to treat head injuries. Appellant contends that the pathologist's testimony which referred directly to the content of the medical reports of the treating physicians was inadmissible as hearsay. He argues that such reports would not qualify for admission as public documents. *Starkey v. State*, (1977) 266 Ind. 184, 361 N.E.2d 902. Even assuming that the reports would not so qualify, the testimony reflecting their factual content was nevertheless admissible in conjunction with the detailed findings of the witness who had performed the autopsy, as showing the basis for his own medical conclusions. Such medical reports are routinely relied upon by forensic pathologists in arriving at their opinions as to cause of death, and when presented to the trier of fact by such persons at a trial, in this form and manner, and for this purpose, testimony reflecting their content is not hearsay. *Smith v. State*, (1972) 259 Ind. 187, 285 N.E.2d 275. The ruling was correct.

## II.

Appellant next claims that the trial court committed error when jury instructions dealing with voluntary and involuntary

manslaughter as lesser included offenses were refused. Appellant was charged pursuant to Ind.Code § 35–42–1–1(2) with murder (felony) in that he "did ... unlawfully kill a human being, to-wit Robert Disher while committing a robbery, to-wit: While taking money from the said Robert Disher through the use of force." Voluntary manslaughter occurs when one "knowingly or intentionally kills another human being while acting under under sudden heat," Ind.Code § 35–42–1–3; while involuntary manslaughter occurs when one "kills another human being while committing or attempting to commit: (1) A class C or class D felony that inherently poses a risk of serious bodily injury; (2) A class A misdemeanor that inherently poses a risk of serious bodily injury; or (3) Battery," Ind. Code § 35–42–1–4.

The legal analysis applicable here requires a two-step inquiry. *Lawrence v. State*, (1978) 268 Ind. 330, 375 N.E.2d 208. The first requires a comparison of the substantive criminal statutes involved with the charging instrument. If the offense as charged requires proof of each element of the putative lesser offense, the first requisite step is satisfied. *Roddy v. State*, (1979) Ind., 394 N.E.2d 1098. Even though the putative lesser offense is an inherently included one, it must also satisfy the second step which requires that it be justified by the evidence at trial. In this case, voluntary manslaughter does not satisfy the first step because it is composed of a mental state element not required of murder in the course of a robbery. Involuntary manslaughter by contrast does not satisfy the second part of the inquiry, because the trial testimony, including that of appellant himself, was that appellant and his two cohorts went to the Disher residence to take money by force and that Disher was knocked down and his money taken in the course of carrying out that plan. The instructions were properly refused.

### III.

Appellant next claims that the evidence was insufficient to convict in that it did not show that injuries inflicted by him contributed "either mediately or immediately" to the decedent's cause of death. *Swafford v. State*, (1981) Ind., 421 N.E.2d 596. Evidence was presented to the trier of fact that appellant and a cohort Caldwell went to the house of the victim Disher on Friday, August 28, 1981 to rob Disher. On that occasion appellant or Caldwell beat Disher on the head with a metal bar and took his money. The two returned to the neighborhood with another on September 1, 1981 in appellant's car to carry out a plan to knock Disher down and take his money again. On this latter occasion, the one alleged in the murder charge, appellant stayed in his car while the other two went up to the house. When Disher answered he was knocked down and his money taken. The money was shared with appellant, and they fled to Wisconsin. Disher received multiple injuries to the head, was seriously injured, and did not move after falling to the floor. Two hours later Mr. Disher was found by the police in an unconscious state on the floor inside his front door. He had been bleeding from head wounds and was lying in his own vomitus. He was transported to the hospital, was operated on for a blood clot on the brain, and died from pneumonia which developed while he was in a coma following the operation. From this evidence the jury could reasonably have concluded beyond a reasonable doubt that appellant knew on September 1, 1981 that Disher had been injured a few days before, and was a full participant in the second robbery of Disher as wheel man, and that Disher's second set of head injuries received on September 1, 1981 in the course of that second robbery were serious and were a cause of death. The fact that the injuries received during the previous robbery may have also contributed to cause death could not relieve appellant of criminal responsibility. *Thomas v. State*, (1982) Ind., 436 N.E.2d 1109. The evidence was sufficient to convict.

The conviction is affirmed.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.