**Mildred PAULLUS, Appellant–Plaintiff,**

**v.**

**Joseph W. YARNELLE, The First National Bank in Wabash, as Co–Personal Representatives of the Estate of Lois E. Yarnelle, Deceased, et al., Appellees–Defendants.**

No. 85A04–9303–CV–110.

Court of Appeals of Indiana, Fourth District.

April 27, 1994.

Rehearing Denied July 5, 1994.

---

2. *Shuamber* was decided prior to the trial court's decision in the instant case.

William F. McNagny, Anthony M. Stites, Barrett & McNagny, Fort Wayne, for appellant.

Edward L. Murphy, Jr., Edward J. Liptak, Miller, Carson, Boxberger & Murphy, Fort Wayne, for appellees.

RILEY, Judge.

Plaintiff–Appellant Mildred Paullus appeals the adverse judgment in her suit against Defendants–Appellees Joseph W. Yarnelle and The First National Bank in Wabash, as co-personal representatives of the estate of Lois E. Yarnelle (Estate). We affirm.

## ISSUES

Paullus raises three issues for our review which we combine and rephrase as: Did the trial court err by excluding testimony of Joseph Yarnelle, Mildred Paullus, and Jane Grimes?

## FACTS

This action was brought by Paullus to set aside a series of three codicils to the last will and testament of Lois Yarnelle.

Lois Yarnelle duly executed her last Will and Testament on May 31, 1958. Subsequently, she duly executed three codicils. Codicil I was executed on January 7, 1975; Codicil II was executed on August 12, 1975; and Codicil III was executed on July 23, 1982. Lois Yarnelle died on September 29, 1983.

In February, 1984, Paullus, Lois Yarnelle's daughter, instituted a suit to contest the validity of the codicils to her mother's will, contending that Joseph Yarnelle, Paullus's brother, had exercised undue influence over their mother in the execution of the codicils.

In November, 1992, the defendant's motion in limine prohibiting Paullus and her husband from testifying pursuant to the dead man's statute was sustained. After a trial on December 4, 1992, the jury found in favor of the Estate.

Paullus appeals.

## DISCUSSION

■ The admission or exclusion of evidence is a determination entrusted to the discretion of the trial court. *Eversole v. Consolidated Rail Corp.* (1990), Ind.App., 551 N.E.2d 846, 854, *reh'g denied, trans. denied.* We will reverse a trial court's decision only for an abuse of discretion, that is, only when the trial court's action is clearly erroneous and against the logic and effect of the facts and circumstances before it or the reasonable inferences to be drawn therefrom. *Id.*

■ During direct examination, when the trial court excludes evidence, the proponent of the evidence must make an offer of proof to preserve the ruling for appellate review. *Henrichs v. Pivarnik* (1992), Ind. App., 588 N.E.2d 537, 543. "An offer of proof provides the appellate court with the scope and effect of the area of inquiry and the proposed answers, in order that it may consider whether the trial court's ruling excluding the evidence was proper." *Tyson v. State* (1993), Ind.App., 619 N.E.2d 276, 281, *trans. denied* (citation omitted). "Thus, the offer of proof must demonstrate the substance, purpose, relevancy, and materiality of the excluded evidence in order to enable the appellate court to determine on appeal whether the exclusion was proper." *Id.* The proponent has not adequately preserved the exclusion of a witness's testimony as an issue for appellate review if he does not make an offer of proof. *Wiseheart v. State* (1986), Ind., 491 N.E.2d 985, 991.

### A. Testimony of Joseph Yarnelle·

■ Paullus asserts that the "trial court ruled that Joseph Yarnelle was incompetent and could not testify based upon the Indiana Deadman's Statute."[1] Appellant's Brief at 20. However, our search of the record discloses that the trial court did not articulate a reason for the exclusion of Joseph Yarnelle's testimony. We cannot conclude that the testimony was excluded based on the dead man's statute and thus, we cannot review the exclusion of this evidence upon those grounds.

In addition, Paullus did not take the proper steps in the trial court to preserve this issue for our review. Paullus should have made an offer of proof after the court sustained the Estate's objection to Joseph Yarnelle's testimony. *Henrichs,* 588 N.E.2d at 543. No such offer was made. Under these circumstances we have no means by which to consider whether the trial court erred by excluding his testimony and must conclude that Paullus's failure to make an offer of proof resulted in her waiver of this issue.[2]

### B. Testimony of Mildred Paullus

Paullus next asserts that the trial court erred by excluding her testimony pursuant to the dead man's statute.[3] She concedes that

---

1. The Appellant's Brief does not provide record cites to support this contention, and the record cites which are provided in the Reply Brief do not support the assertion: Record at 58 is the order in limine regarding Mildred Paullus and Erni Paullus; Record at 98–99 contains the trial court's general discussion about motions in limine; Record at 315–316 contains the trial court's discussion regarding the testimony of Mildred Paullus; and Record at 117 documents when Joseph is called to the stand, the objection to his testimony is made and sustained, and Joseph is excused.

2. Paullus also argues in her Reply Brief that "the parties had agreed that there would be no need for further offer of proof beyond the Motion in Limines [sic] and discussions presented to the trial court therein." Reply Brief at 7. However,

the motion in limine only attempted to restrict the testimony of Paullus and her husband, and exclude certain incidents which involved Joseph Yarnelle. *See* (R. 14–16). The motion did not attempt to exclude Joseph's testimony, and thus, any discussion about the motion had no bearing on whether an offer of proof was necessary when Joseph's testimony was excluded by the trial court.

3. The dead man's statute, I.C. 34–1–14–6 (1994), provides: In suits or proceedings in which an executor or administrator is a party, involving matters which occurred during a lifetime of the decedent, where a judgment or allowance may be made or rendered for or against the estate represented by such executor or administrator; any person who is a necessary party to the issue

the statute is generally applicable to her; however, she argues that some of her testimony, specifically conversations she had with other heirs and with the decedent's attorney, should have been allowed pursuant to the exceptions to the statute. We do not agree.

The purpose of the dead man's statute is to protect the decedent's estate from spurious claims. *Johnson v. Estate of Rayburn* (1992), Ind.App., 587 N.E.2d 182, 184. The statute does not exclude evidence, rather it prevents a particular class of witnesses from testifying as to claims against the estate. *Satterthwaite v. Estate of Satterthwaite* (1981), Ind.App., 420 N.E.2d 287, 291. An offer of proof is usually not required to preserve the issue of a witness excluded pursuant to the statute for review because when "the objection is to the right of the witness to testify at all, the party introducing [the] evidence need not state what [s]he expects to prove by h[er]," as the question for the trial court is not the competency of the testimony but competency of the witness herself. *Satterthwaite*, 420 N.E.2d at 292 (quoting *Sullivan v. Sullivan* (1893), 6 Ind.App. 65, 32 N.E. 1132, 1133).

However, the question before us is not whether Paullus was competent to testify; she concedes that the dead man's statute rendered her incompetent. Paullus's question is whether the trial court erred by excluding part of her testimony which should have been allowed pursuant to exceptions to the statute. Thus, the issue before us is not the competency of the witness but the competency of her testimony.

In reviewing the competency of Paullus's testimony regarding the two conversations we follow *Johnson v. Estate of Rayburn* (1992), Ind.App., 587 N.E.2d 182. Under *Johnson*, the dead man's statute "applie[s] only where the claimant is prepared to testify as to matters or transactions concerning the decedent, and not merely as to matters that occurred while the decedent was alive." *Id.* at 185. In order to determine whether the statute should be applied to proffered evidence the party offering the testimony must make an offer of proof without which neither the trial court or a reviewing court can decide if the testimony concerns matters or transactions concerning the decedent, or matters which merely occurred while the decedent was alive. Absent an offer of proof, neither this court nor the trial court can adequately determine the admissibility and relevance of the proffered testimony. *Christian Super Chevrolet Corp. v. State* (1976), 169 Ind.App. 143, 145, 346 N.E.2d 602, 604.

Paullus argues that she should have been allowed to testify about conversations she had with Joseph Yarnelle which occurred during their mother's lifetime; however, Paullus does not disclose the content of these conversations, in fact, it is not clear from the record that Paullus intended to testify regarding any conversation with Joseph Yarnelle. *See* (R. 95). Paullus made no attempt to introduce this evidence or make an offer of proof either at the trial or when the trial court was considering the motion in limine. Because Paullus did not make an offer of proof regarding her conversation with Joseph Yarnelle, she has failed to preserve an error for our review.[4] *See Bec-*

or record, whose interest is adverse to such estate, shall not be a competent witness as to such matters against such estate: Provided, however, That in cases where a deposition of such decedent has been taken, or he has previously testified as to the matter, and his testimony or deposition can be used as evidence for such executor or administrator, such adverse party shall be a competent witness for himself, but only as to any matters embraced in such deposition or testimony.

4. Paullus asserts in her Reply Brief that the parties agreed, as did the trial court, that no offer of proof was necessary to preserve this issue for review. This argument is without merit.

Whether or not Paullus's testimony fits one of the exceptions to the dead man's statute was not put before the trial court at any time. Thus any statement by the trial court when it ruled on the motion in limine that no further offer was needed could only pertain to the evidence before it, that is, that Paullus was precluded from testifying pursuant to the statute. Because Paullus did not argue, either when the court considered the motion in limine or at trial, that part of her testimony should have been allowed pursuant to an exception to the dead man's statute, she cannot now say that the trial court's statement that it was unnecessary to make an offer of proof pertained to the use of those exceptions. *See* (R. 87–114). In addition, any statement by opposing

*hert v. Lehe* (1974), 161 Ind.App. 454, 456, 316 N.E.2d 394, 396 (The appellant alleged that his testimony was improperly restricted through the trial court's application of the dead man's statute; however, record did not contain an offer to prove regarding his testimony, and thus, he failed to preserve an error for review (citing T.R. 43(C); *State v. Lonergan* (1969), 252 Ind. 376, 248 N.E.2d 352)).

■ Paullus also argues that she should have been allowed to testify about the conversation she had with Rick Fisher, the decedent's attorney. Paullus does not state the contents of this testimony in her brief and she did not make an offer of proof to the trial court. Thus, she has also not preserved this issue as an error for our review. However, because the trial court evidently knew the contents of Paullus's proposed testimony regarding her conversation with Rick Fisher, we will consider the merits of her claim.

■ During trial, after Paullus was offered as a witness, the trial court stated, for the record:

> I believe that testimony was going to be offered, [about] several matters that may have occurred after the date of death of Lois Yarnelle, specifically ... a statement made by Rick Fisher ... that his opinion was that, ... Lois Yarnelle was under the influence of Joseph [Yarnelle.] ... [T]he testimony by Mrs. Paullus is not being offered to show that the conversation took place but rather to bring in the substance of that conversation which is about matters that occurred during the lifetime of the decedent. (R. 315–316).

This testimony was an attempt by Paullus to establish indirectly, by testifying regarding what Fisher allegedly said to her, what Paullus was properly prevented by the dead man's statute from establishing directly. *Satterthwaite*, 420 N.E.2d at 291. The trial court properly excluded this evidence.

### C. Testimony of Jane Grimes

■ Finally, Paullus contends that the trial court erred by excluding testimony of Jane Grimes on the basis of hearsay. Specifically, this testimony involved conversations with Rosemary Heck and with Lois Yarnelle, Grimes's grandmother. We do not agree.

She argues that under *Patterson v. State* (1975), 263 Ind. 55, 324 N.E.2d 482, Grimes should have been allowed to testify as to statements made to her by Rosemary Heck.[5] (R. 327–330). However, she fails to note that *Patterson* was overruled by *Modesitt v. State* (1991), Ind., 578 N.E.2d 649, in which the Indiana supreme court held that prior statements are admissible as substantive evidence only if the declarant testifies at trial and is subject to cross examination concerning the statement, and (1) the statement was given under oath and is inconsistent with the declarant's testimony; (2) the statement is consistent with the declarant's testimony and offered to rebut a charge of recent fabrication, improper influence, or motive; or (3) the statement is one of identification. *Id.* at 653–654. Grimes's testimony does not fall within one of the *Modesitt* categories, thus the trial court properly ruled that the Grimes statements regarding Rosemary Heck were inadmissible hearsay.[6]

Paullus also asserts the trial court erred when Grimes's testimony regarding Lois Yarnelle, her grandmother, was prohibited on the basis that it was hearsay. However, Paullus does not point out which part of Grimes's testimony was excluded, and she did not make an offer of proof at any time during the trial to preserve this issue for our review. *Henrichs*, 588 N.E.2d at 543. No

---

counsel was a legal opinion upon which Paullus reasonably could not rely. *See Tyson*, 619 N.E.2d at 289 n. 14.

5. Paullus cites *Patterson* for the proposition that "prior statements are admissible when the declarant is present and available for cross-examination." Appellant's Brief at 24.

6. Although the trial court ruled that Grimes's testimony regarding Rosemary Heck was hearsay, the testimony was not stricken, nor was the jury admonished to disregard it. Because the jury heard and was not prohibited from considering this information, any error would have been harmless.

error was committed by the trial court.[7]

Judgment affirmed.

SHARPNACK, C.J., and CHEZEM, J., concur.

---

7. In addition, during her testimony Grimes repeated statements which her grandmother made to her. Although the objection to these statements was sustained, they were not stricken from the record, nor was the jury admonished to disregard them. *See* (R. 331–36). Paullus does not now assert that she was harmed by the court's rulings, thus the error, if any, was harmless.