**Tammy Hurst FAULKNER,**
**Appellant–Plaintiff,**

v.

**MARKKAY OF INDIANA, INC. d/b/a**
**Cub Foods, Appellee–Defendant.**

No. 49A02–9412–CV–734.

Court of Appeals of Indiana.

April 16, 1996.

Michael L. Hanley, Hanley & Moore, Vernon J. Petri, Vernon J. Petri & Associates, Indianapolis, for Appellant.

Lawrence W. Gaston, Jr., James P. Cavanaugh, III, Moore & Gaston, Indianapolis, for Appellee.

## OPINION

STATON, Judge.

Tammy Hurst Faulkner ("Faulkner") appeals a jury verdict in her favor. She presents two issues for our review which we restate as:

I.  Whether the trial court abused its discretion by not allowing a chiropractor to testify regarding medical reports of physicians.

II. Whether the trial court abused its discretion in refusing to admit a medical record under the business records exception to the hearsay rule.

We affirm.

The facts most favorable to the judgment reveal that on October 13, 1989, Faulkner slipped and fell in a Cub Foods store. After the fall, Faulkner was treated by several medical care providers, including Dr. Phillip Sprinkle, a chiropractor. At trial, Dr. Sprinkle testified as an expert witness. Faulkner attempted to introduce into evidence plaintiff's exhibit four, which was a compilation of medical records generated by other health care providers. The trial court did not allow Faulkner to introduce into evidence other health care providers' medical records, which Dr. Sprinkle relied upon in making his diagnosis.[1] The court refused to allow Dr. Sprinkle to restate the physicians' opinions which

---

1.  The other health care providers included three orthopedic surgeons and a neurosurgeon. Record, pp. 575–76, 579 and 595.

were contained in those medical records, because as a chiropractor, Dr. Sprinkle would not be capable of being cross-examined with respect to the information in the physicians' reports. Record, p. 570. Dr. Sprinkle stated that he relied upon reports of other physicians and noted each physician's specialty. The jury returned a verdict in favor of Faulkner and awarded her $10,000 in damages. This appeal ensued.

## I.

### Expert Witness Testimony

Faulkner contends that the trial court erred by not allowing her to introduce testimony regarding the physicians' reports. The admission or exclusion of evidence is a determination entrusted to the discretion of the trial court. *Paullus v. Yarnelle*, 633 N.E.2d 304, 307 (Ind.Ct.App.1994), *reh. denied, trans. denied.* We will reverse a trial court's decision only for an abuse of discretion, that is, only when the trial court's action is clearly erroneous and against the logic and effect of the facts and circumstances before it. *Id.* Moreover, erroneously excluded evidence requires reversal only if the error relates to a material matter or substantially affects the rights of the parties. *Dynes v. Dynes*, 637 N.E.2d 1321, 1324 (Ind.Ct.App. 1994), *trans. denied.*

Faulkner argues that the court erred in not allowing Dr. Sprinkle, a chiropractor, to testify regarding out-of-court statements made by physicians in medical reports. Hearsay is an out-of-court statement offered to prove the truth of the matter asserted therein, which rests on the credibility of the out-of-court declarant who is unavailable for cross-examination. Ind.Evidence Rule 801(c); *Mundy v. Angelicchio*, 623 N.E.2d 456, 463 (Ind.Ct.App.1993). If the challenged evidence is hearsay, then it is inadmissible unless it meets one of the exceptions to the hearsay rule. Ind.Evidence Rule 802; *Mundy, supra* at 463.

Faulkner acknowledges that the excluded exhibits were hearsay, however, she contends that the contents of the medical records should have been allowed under the Indiana Rules of Evidence and Indiana case law. Ind.Evidence Rules 702 and 703 carve out a narrow exception to the admission of hearsay. Ind.Evidence Rule 702(a) provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

Ind.Evidence Rule 703 states, "[e]xperts may testify to opinions based on inadmissible evidence, provided that it is of the type reasonably relied upon by experts in the field." Evid.R. 702 permits the admission of expert opinion *testimony* not opinions contained in documents prepared out of court by medical doctors.[2] Evid.R. 703 allows a testifying expert to rely on materials, including inadmissible hearsay, in forming the basis of his opinion. Moreover, this court has held that an expert may *offer his opinion* based in part upon reports not in evidence and upon inadmissible hearsay, provided (1) the expert has sufficient expertise to evaluate the accuracy and reliability of the information, (2) the report is of the type normally found reliable, and (3) the information is the type customarily relied upon by the expert in the practice of his profession. *Mundy, supra,* at 463 (emphasis added).

Faulkner does not dispute that the trial court allowed Dr. Sprinkle to give his own opinion and to testify that he relied on inadmissible evidence. However, she argues that the trial court erred by not allowing Dr. Sprinkle, a chiropractor, to testify regarding information contained in medical reports, which were prepared by physicians. In excluding the reports and testimony, the trial court reasoned that because Dr. Sprinkle was not a physician, he was not capable of being cross-examined with respect to the information contained in the physicians' reports. We agree with the trial court's rationale.

---

2. *See e.g. Engebretsen v. Fairchild Aircraft Corp.,* 21 F.3d 721 (6th Cir.1994), *reh. denied* (Federal Rules of Evidence 702 and 703 do not permit the admission, on direct examination, of testifying experts' opinions contained in written documents).

■ The evidence rules do not permit the admission of materials, relied upon by an expert witness, for the truth of the matters they contain if the materials are otherwise inadmissible. *See Engebretsen v. Fairchild Aircraft Corp.*, 21 F.3d 721, 728 (6th Cir. 1994), *reh. denied.* Here, the materials were otherwise inadmissible because Dr. Sprinkle, a doctor of chiropractic, does not have the same education, training or expertise as the physicians who prepared the reports.[3] We cannot allow an expert's reliance on hearsay to be employed as a conduit for placing the physicians' statements before the jury.[4] The expert witness must rely on his own expertise in reaching his opinion and may not simply repeat opinions of others. *See Miller v. State*, 575 N.E.2d 272, 274–75 (Ind.1991) (physician could rely upon but not repeat what another physician told him about diagnosis of defendant's girlfriend).

■ Furthermore, this court has concluded that chiropractors are generally not qualified to serve as experts in cases involving physicians. *Stackhouse v. Scanlon*, 576 N.E.2d 635, 639 (Ind.Ct.App.1991), *trans. denied.* They do not have the same education, training or experience, all of which are generally necessary to render an opinion of benefit to a jury. *Id.* For instance, a comparison of the licensing statutes shows that chiropractors are given only limited licenses, whereas physicians receive unlimited licenses as to the entire medical field. *Id.; see* Ind.Code §§ 25–10–1–1 and 25–22.5–1–1.1 (1993). Thus, the trial court properly

concluded that Dr. Sprinkle could not testify as to the contents of the physicians' reports.

We conclude that the hearsay exception only allows an expert to offer an opinion and does not mandate that the contents of the reports be admitted. Therefore, the trial court did not abuse its discretion in excluding the reports.[5]

## II.

### Business Records Exception

Faulkner next argues that the trial court erred in not admitting an orthopedic surgeon's report under the business records exception of Ind.Evidence Rule 803(6). As noted above, the exclusion of evidence is a determination left to the discretion of the trial court. *Paullus, supra.*

A careful review of the record reveals that Faulkner made no attempt to introduce the surgeon's report under the business records exception at trial. In fact, the report is merely one report buried in plaintiff's exhibit four, a compilation of numerous health care providers' records. Nevertheless, Faulkner contends that she laid a proper foundation for admitting the record under this exception.

■ Faulkner attempted to introduce this report into evidence several times during Dr. Sprinkle's testimony. Each time defense counsel objected to the admission of the surgeon's report. The trial court sustained each objection because Dr. Sprinkle, a chiroprac-

---

3. Faulkner argues that Dr. Sprinkle's post-graduate training and certification in impairment ratings qualified him to interpret medical reports of physicians. We note that while Dr. Sprinkle may be a highly-credentialed chiropractor, the fact remains that he does not have the same education, training or experience as the orthopedic surgeons or neurosurgeon, whose reports he relied upon.

4. *See* R. Miller, *Indiana Evidence* § 703.109 (2nd ed. 1995).

5. Faulkner also argues that Indiana case law allows an expert to rely on reports of other experts and also to explain how the contents thereof form a basis of the opinion given. In support of her argument, Faulkner cites to: *Sills v. State*, 463 N.E.2d 228, 234 (Ind.1984), *overruled on other grounds, Wright v. State*, 658 N.E.2d 563, 570 (Ind.1995) (no error where a

psychiatrist testified about electroencephalogram and other cumulative reports); *Wilber v. State*, 460 N.E.2d 142, 143 (Ind.1984) (trial court did not err by admitting reports of a treating physician which a forensic pathologist relied upon in arriving at cause of death); *Wilson v. Kauffman*, 563 N.E.2d 610 (Ind.Ct.App.1990), *cert. denied*, 502 U.S. 968, 112 S.Ct. 439, 116 L.Ed.2d 458 (1991) (no reversible error when physician relied on neurologist report in diagnosing injuries and such report was merely cumulative). These cases can be differentiated from the case at bar in that those physicians testified about reports of other physicians, not doctors of chiropractic testifying regarding reports of physicians. We also note that none of these cases were decided under the Indiana Rules of Evidence, which became effective January 1, 1994.

tor, would not be capable of being cross-examined regarding the surgeon's report. We find no place in the record where Faulkner introduced the report under that exception, nor does Faulkner give us any citation in her brief. Because Faulkner failed to properly bring the hearsay exception to the trial court's attention so that the trial court may rule upon it at the appropriate time, she is deemed to have waived that issue. *Babinchak v. Town of Chesterton,* 598 N.E.2d 1099, 1103 (Ind.Ct.App.1992), *reh. denied* (failure to raise errors which existed at trial may not be remedied on appeal).

Affirmed.

HOFFMAN, J., concurs.

SULLIVAN, J., concurs with separate opinion.

SULLIVAN, Judge, concurring.

The trial court no doubt was aware that an expert witness may explain how the specific determinations contained in a report by non-testifying experts formed the basis for the witness's opinion. The majority opinion, here, acknowledges the existence of that rule. *See* Majority op. at 801, footnote 5. The trial court, however, excluded the specifics of the reports relied upon for the reason that Dr. Sprinkle, as a chiropractor, would not be capable of being cross-examined with respect to that information. This ruling in turn, according to the majority, is premised upon the conclusion that a chiropractor does not have the same education, training or expertise as the physicians who prepared the reports.

The implication that chiropractors are automatically, by lack of education and/or training, incapable of analyzing and meaningfully answering medical questions sweeps too broadly. Doctors of chiropractic may or may not have the education and training necessary to render helpful and meaningful analysis with regard to the bases of their opinions. The answer may well depend upon the matter under inquiry and the specific matters which are contained in the reports referred to.

Here, however, I agree that the trial court was within its discretion in excluding the specifics of the reports which were, in part, used as a basis for Dr. Sprinkle's opinion. At best, the exclusion was harmless because Dr. Sprinkle did in fact testify fully and without limitation as to his own opinion.

I fully concur as to Issue II, regarding the business record exception.