Rickey L. SHIVELY, Appellant–
Respondent,

v.

Linda D. SHIVELY, Appellee–Petitioner.

No. 30A01–9612–CV–415.

Court of Appeals of Indiana.

June 9, 1997.

David P. Murphy, Greenfield, Blair Amick, David & Amick, Greenfield, for Appellant–Respondent.

David M. Henn, Cohen & Morelock, Indianapolis, for Appellee–Petitioner.

## OPINION

BAKER, Judge.

Appellant-respondent Rickey L. Shively appeals the trial court's order finding him in contempt for failing to pay appellee-petitioner Linda D. Shively one-half of his United States Naval retirement pay, as required by the decree dissolving their marriage. Rickey presents numerous issues for our review, which we consolidate and restate as follows: (1) whether the trial court erred in admitting into evidence records, a summary and testimony relating to his naval retirement pay; and (2) whether the trial court erred by

finding him in contempt. Additionally, Linda has petitioned for appellate attorney's fees.

## FACTS

On August 5, 1989, Rickey and Linda were divorced. As part of the decree dissolving their marriage, the trial court ordered Rickey to pay one-half of his U.S. Navy retirement pay to Linda. Additionally, the decree required Rickey to "prepare and execute all documents necessary to have on-half [sic] of this retirement sent directly to [Linda] and this will include any increases that may occur due to cost of living or any other factor." Record at 15.

Over the next several years, instead of arranging for Linda to receive her payments directly from the Navy, Rickey continued to accept all of the retirement pay. He would then send a portion of the amount he received to Linda. Sometime in 1993, based on her experience as a liaison between the Navy and naval spouses, Linda began to question whether she was receiving one-half of the retirement pay. When she asked Rickey whether he was sending the proper amount, he responded that she was receiving more than he did. R. at 163. In 1994, however, Rickey arranged for Linda to receive allotment checks directly from the Navy.

On September 7, 1995, Linda filed a verified motion for rule to show cause, alleging that Rickey had failed to comply with the trial court's order to pay her one-half of his retirement pay.[1] During the hearing on the motion on June 12, 1996, Linda offered into evidence Rickey's retirement pay records for 1990 to 1996 from the Defense Finance and Accounting Service Cleveland Center (DFASCC), a summary of the pay information, prepared by her attorney's law clerk, and the law clerk's testimony regarding his methodology in preparing the summary. Over Rickey's objection, the trial court admitted this evidence.

Following the hearing, the trial court entered findings of fact and conclusions of law, determining that Rickey was required, but had failed, to pay Linda one-half of his gross

---

1. Linda also requested, and was awarded, $5,200 in college expenses for the parties' child, which Rickey failed to pay, and attorney's fees. Rickey does not appeal these portions of the trial court's judgment.

retirement pay and was indebted to her in the amount of $7,583.56. Based on his failure to pay, the trial court also found Rickey in contempt of the dissolution decree and ordered him to pay interest of $1,662.40 on the unpaid amount, for a total of $9,217.90. This appeal followed.

## DISCUSSION AND DECISION

Rickey contends that the trial court erred by finding him in contempt of the dissolution decree for failing to pay Linda one-half of his retirement pay and in ordering him to pay interest on the unpaid amount. In particular, he contends that the trial court's determination that he failed to pay Linda one-half of his retirement benefits was based on inadmissible evidence. He also contends that the dissolution decree was ambiguous and, therefore, he could not be held in contempt for violating its terms.

### I. Admissibility of Evidence

We first address Rickey's contention that the trial court erred in considering inadmissible evidence in its determination that Rickey failed to pay Linda one-half of his retirement pay. According to Rickey, his retirement pay records from the DFASCC, a summary of the pay information prepared by Linda's attorney's law clerk, and the law clerk's testimony about his methodology in preparing the summary were all improperly admitted.

■ The admission or exclusion of evidence is a determination entrusted to the sound discretion of the trial court. *Paullus v. Yarnelle,* 633 N.E.2d 304, 307 (Ind.Ct.App. 1994), *trans. denied.* We will reverse the trial court's decision only for an abuse of discretion. *Id.* A trial court abuses its discretion when its action is clearly erroneous and against the logic and effect of the facts and circumstances before it or the reasonable inferences to be drawn therefrom. *Id.*

### A. Pay Records

■ Rickey first contends that the trial court erred in admitting his Navy pay records. During trial, Linda offered the pay records into evidence, which consisted of eighteen pages of computer printouts, to prove that Rickey had failed to pay her one-half of his retirement pay. When Rickey objected to their admission on the grounds that the records were hearsay, Linda successively argued that the records were admissible under either the business records or public records exception to the hearsay rule. According to Rickey, the trial court erred in admitting the records because they were not admissible under either exception.

■ Under the business records exception, reports, records and other data compilations, in any form, are not excluded by the hearsay rule if the custodian of the records establishes that they were made as a regular practice, at or near the time of the event, by or from information transmitted by a person with knowledge of the event and kept in the course of regularly conducted business activity. Ind.Evidence Rule 803(6). Similarly, records, reports and data compilations of a public office that set forth its regularly conducted and recorded activities are not excluded by the hearsay rule. Ind.Evidence Rule 803(8).

In the present case, Linda offered the affidavit of the Custodian of Records of the DFASCC, Sylvia Winfrey, to lay the foundation for the introduction of Rickey's pay records under either the business records or public records exceptions. Specifically, Winfrey stated that the printouts were (1) Rickey's retirement pay records, (2) made at or near the time of the pay disbursements, (3) made by or from information transmitted by a person with knowledge of the disbursements, (4) kept in the course of regularly conducted activity, and (5) made as a regular practice of the agency. This affidavit sufficiently satisfies the requirements of either exception and, therefore, the pay records did not constitute inadmissible hearsay.

■ Nevertheless, Rickey contends that the pay records, as computer printouts, were inadmissible pursuant to *Brandon v. State,* 272 Ind. 92, 396 N.E.2d 365 (1979). In *Brandon,* our supreme court held that the business records exception to the hearsay rule was sufficiently broad to include within its scope a system of records stored on a computer and electronically printed on demand. *Id.,* 396 N.E.2d at 370. However, the court

went on to state that computerized printouts were only admissible if the following foundational elements were satisfied: (1) the printouts were the product of standard computer equipment; (2) the computer entries were made in the regular course of business at or reasonably near the time of the happening of the event; and (3) the sources of information and the method and time of preparation were such as to indicate the printouts authenticity and accuracy. *Id.* Based on *Brandon,* Rickey contends that the pay records were inadmissible because Linda failed to establish that the printouts were accurate and the product of a standardized computer system.

■ We note, however, that the rule in *Brandon* was enunciated in 1979, fifteen years before the passage of our current rules of evidence. Today, neither the business records exception nor the public records exception contains any such requirements for computer printouts. Given the fact that the pay records offered by Linda sufficiently satisfy the requirements of the rules of evidence and that our supreme court adopted the rules without including additional requirements for computerized printouts, we cannot conclude that the trial court erred in admitting Rickey's pay records.[2]

### B. Pay Summary & Testimony

■ Next, Rickey contends that the trial court erred in admitting the summary of pay records prepared by Linda's attorney's law clerk. Specifically, he argues that the law clerk was not qualified to prepare the summary of Rickey's pay records because he did not possess expertise in accounting or interpreting retirement plans and did not have personal knowledge about the methods used by the Navy in preparing the pay records. Rickey also argues that the law clerk's testimony about how he prepared the summary constituted improper expert testimony from a lay witness.

■ Notwithstanding Rickey's contentions, the trial court did not err in admitting the summary of the pay records. Under Ind.Evidence Rule 1006, the contents of voluminous writings or other recordings which cannot be conveniently examined in court may be presented in the form of a chart, summary or calculation as long as the underlying documents are made available to the other party. Further, we have previously held that a summary may be admitted where the records or reports used to prepare the summary are admitted into evidence, are in court, or are available to the opposite party. *Brane v. Roth,* 590 N.E.2d 587, 591 (Ind.Ct. App.1992), *trans. denied.* Here, the exhibit tendered by Linda is a two page summary comprised of data from twenty-eight pages of pay records and tax documents previously admitted into evidence and made available for Rickey's inspection. Although Rickey attempts to characterize the summary as the work and interpretation of an expert, it is merely a compilation of the data found in the other evidence and some basic arithmetic calculations. Despite reports that our educational system has declined, we are not prepared to hold that basic math computations require expert testimony. Under these circumstances, the trial court did not err in admitting the summary.

■ Similarly, we conclude that the trial court did not err in allowing the law clerk's testimony. Despite Rickey's contention that the clerk was offering improper opinion evidence as to the meaning of the payroll records or whether Rickey was in arrears, our review of the record reveals that he was testifying only to the source of the data found in the summary and how he made the calculations in order to lay a proper foundation for the admission of the exhibit. Therefore, the trial court did not err in admitting the law clerk's testimony.[3]

---

2. In a related argument, Rickey argues that the pay records should not have been admitted because they were "completely undecipherable—confusing and ambiguous." Appellant's Brief at 36. We disagree. Although the records may not have been organized in the most efficient manner, they were intelligible.

3. Rickey also argues that the evidence is insufficient to support the trial court's findings of fact and conclusions of law because they were based on the improperly admitted pay records and summary. Having concluded that the trial court did not err in admitting these exhibits, however, we need not address this argument.

## II. Contempt

Finally, Rickey challenges the trial court's determination that he was in contempt for failing to comply with the dissolution decree. Specifically, he contends that the finding of contempt should be set aside because the dissolution decree was ambiguous as to whether Linda was to receive one-half of his gross retirement pay or one-half of his net retirement pay. Because the trial court did not clarify this ambiguity in the dissolution decree until the show cause hearing, Rickey contends that he cannot be held in contempt for not paying the proper amount.

Initially, we note our standard of review. When a party has requested specific findings of fact pursuant to Ind.Trial Rule 52(A), as here, we cannot affirm the judgment on any legal basis. *Vanderburgh County Bd. of Comm'rs v. Rittenhouse*, 575 N.E.2d 663, 665 (Ind.Ct.App.1991), *trans. denied.* Instead, we must determine whether the evidence supports the findings and whether the findings support the judgment. *Id.* The judgment will be reversed only when clearly erroneous, i.e., when the judgment is unsupported by the findings of fact and conclusions entered on the findings. *DeHaan v. DeHaan,* 572 N.E.2d 1315, 1320 (Ind.Ct.App. 1991), *trans. denied.* A finding of fact is clearly erroneous when there is no evidence or inferences drawn therefrom which support it. *In the Matter of M.B.,* 666 N.E.2d 73, 76 (Ind.Ct.App.1996), *trans. denied.* In determining whether the findings or judgment are clearly erroneous, we do not reweigh the evidence or reassess the credibility of the witnesses; rather, we consider only the evidence favorable to the judgment and all reasonable inferences flowing therefrom. *DeHaan,* 572 N.E.2d at 1320.

In order to be punished for contempt of a court's order, there must be an order commanding the accused to do or refrain from doing something. *Meade v. Levett,* 671 N.E.2d 1172, 1181 (Ind.Ct.App.1996). When a person fails to abide by the court's order, he bears the burden of showing that the violation was not willful. *Id.* We will only reverse the trial court's judgment of contempt if there is no evidence to support it. *Id.*

Here, Rickey appears to contend that he could not have willfully failed to comply with the court's order to pay Linda one-half of his retirement pay because the dissolution decree was ambiguous as to whether she should receive his gross or net pay. We note, however, that the dissolution decree also required Rickey to prepare and execute all the necessary payroll documents to ensure that Linda received her portion of his retirement pay directly from the Navy. Despite this provision in the decree, Rickey failed to execute the necessary documents and continued to receive all of the retirement pay for nearly five years. Had Rickey executed the payroll documents in a timely fashion, he would not have had to determine Linda's portion of the retirement pay and could have avoided any potential arrearage. Further, nothing in the record indicates, and Rickey does not argue, that his failure to execute the payroll documents in a timely fashion was beyond his control. Under these circumstances, we conclude that the trial court did not err in finding Rickey in contempt of the dissolution decree and in ordering him to pay interest on the unpaid amounts.

Although concluding that the trial court properly found Rickey in contempt, our review of the record reveals that the trial court improperly calculated Rickey's arrearage based upon his gross, rather than his net, retirement pay. Specifically, we note that while the dissolution decree did not describe Linda's share of the retirement pay as gross or net, it specifically stated that Linda was entitled to one-half of the retirement pay "which at the present time is $991.00 per month...." R. at 15. According to the Navy's pay records, Rickey's net monthly retirement pay at the time of the dissolution proceedings totaled $991.05. R. at 195. As a result, Linda should have received one-half of Rickey's net, rather than gross, retirement pay. Therefore, we must remand for the trial court to recalculate the amount of Rickey's arrearage. We also note, however, that Rickey increased the amount of tax withheld from his retirement pay beginning in 1994, seemingly resulting in a tax benefit to him, but a lower net distribution to Linda. On

remand, the trial court should determine the consequences to the parties due to the additional withholding and recalculate the amount of the arrearage and the interest owed to Linda accordingly.[4]

### III. Appellate Attorney's Fees

 Contemporaneously with this appeal, Linda filed a petition for appellate attorney's fees. Under Ind.Appellate Rule 15(G), this court may award attorney's fees to an appellee if we affirm the judgment on appeal and the appellant's contentions are "utterly devoid of all plausibility." *Klebes v. Forest Lake Corp.*, 607 N.E.2d 978, 984 (Ind. Ct.App.1993), *trans. denied.* Having determined that remand is necessary for recalculation of the arrearage, however, we cannot conclude that Rickey's contentions were meritless. Therefore, we deny Linda's request for attorney's fees pursuant to App.R.15(G).

 However, IND.CODE § 31–1–11.5–16 allows a court to order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding in connection with the marriage dissolution, including reasonable appellate attorney's fees. *Beeson v. Christian*, 594 N.E.2d 441, 443 (Ind.1992). To determine a reasonable award, however, the court must consider the resources of the parties, their economic condition and the ability of the parties to engage in gainful employment and earn an adequate income. *Sovern v. Sovern*, 535 N.E.2d 563, 567 (Ind.Ct.App.1989). Accordingly, we remand this matter to the trial court to determine a reasonable award.

### CONCLUSION

In sum, we conclude that the trial court did not err in admitting into evidence Rickey's Navy pay records and summary of the pay information. We further hold that the trial court did not err by finding Rickey in contempt of the dissolution decree and in ordering him to pay interest on the amount

he failed to pay Linda. However, we conclude that the trial court erroneously determined that Rickey was required, pursuant to the dissolution decree, to pay Linda one-half of his gross retirement pay, rather than his net retirement pay. On remand, the trial court must determine the amount and interest due Linda based on Rickey's net retirement pay, with due consideration given to Rickey's decision to increase the withholding tax on the retirement pay. Additionally, the trial court should consider Linda's petition for appellate attorney fees.

Judgment affirmed in part, reversed in part, and remanded.

ROBERTSON and RILEY, JJ., concur.

---

4. In the concluding sentence of his brief, Rickey also contends that Linda has waived any claim for relief because she "waited nearly seven (7) years to seek a clarification of this ambiguity." Appellant's Brief at 44. Other than this brief assertion, however, Rickey has offered no authority or argument in support of his position. As a result, he has waived this issue on appeal. *See American Family Ins. Group v. Blake*, 439 N.E.2d 1170, 1175 (Ind.Ct.App.1982) (failure to present any argument or citations to authority in support of contention on appeal constitutes waiver of alleged error).