Damian W. CHRISTIAN, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 79A02–9805–CR–449.

Court of Appeals of Indiana.

April 22, 1999.

Nicholas C. Deets, Heide Sandy Deets & Kennedy, Lafayette, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Michael McLaughlin, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

STATON, Judge

Following a jury trial, Damian W. Christian appeals his conviction for operating a vehicle while having a blood alcohol content of at least .10%, a Class C misdemeanor.[1] Christian presents one issue for our review, which we restate as: whether the trial court erred by excluding evidence of repairs to the breathalyzer machine used on Christian.

We reverse.

On September 24, 1996, Christian was stopped by a state police officer for driving slowly and swerving on Interstate 65. The officer conducted six field sobriety tests, four of which Christian failed. Christian was then taken to the police station. The officer administered a breathalyzer test, using the Intoxilyzer 5000 machine numbered 64–000211 ("machine"), which had been certified on July 5, 1996. The test revealed that Christian's blood alcohol level was .13%.

On the first day of Christian's jury trial, the State filed a motion in limine, seeking to exclude all evidence relating to repairs made to the machine except for those repairs made within 180 days after the machine had been certified. The State's motion was granted. After hearing the evidence, the jury found

---

1. IND.CODE § 9–30–5–1 (1993).

Christian guilty of operating a vehicle with a blood alcohol content of .10% or more, but not guilty of operating while intoxicated, a Class A misdemeanor.[2]

■ Christian contends that the trial court erred by excluding evidence of repairs made to the machine prior to its certification date. The admission or exclusion of evidence is a determination entrusted to the discretion of the trial court. *Paullus v. Yarnelle*, 633 N.E.2d 304, 307 (Ind.Ct.App.1994), *trans. denied.* We will only reverse a trial court's decision for an abuse of discretion when the decision is clearly erroneous and against the logic and effect of the facts and circumstances. *Id.* "Generally, if evidence is relevant, it is admissible and should be admitted." *Mullins v. State*, 646 N.E.2d 40, 48 (Ind.1995). Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Ind. Evidence Rule 401.

■ Christian argues that the evidence of repairs to the machine was relevant because it established a pattern of the machine's failure, which was not necessarily remedied when the machine was certified on July 5, 1996. The certification of the machine raised a rebuttable presumption that the machine was in proper working condition on July 5, 1996 and for 180 days thereafter. IND.CODE § 9–30–6–5(c) (Supp.1994) provides, in relevant part:

> Certified copies of certificates issued in accordance with rules adopted under subsection (a) ... constitute prima facie evidence that the equipment ... was in proper working condition on the date the breath test was administered if the date of approval is not more than one hundred eighty (180) days before the date of the breath test[.]

Therefore, in order to rebut the presumption that the equipment was in proper working

condition, Christian attempted to present evidence that the machine was not working properly in the period leading up to the certification, as well as at one point during the 180 day certification period. Christian made an offer of proof, showing that the bulb in the machine had been replaced on August 9, 1995, December 6, 1995 and November 4, 1996. Too, Christian offered evidence that the machine had been taken out of service on April 26, 1996, because it was not functioning properly. Christian also offered the testimony of an expert witness, which revealed that the pattern of frequent bulb replacement indicated a problem with the circuitry of the machine, and that this problem could have rendered Christian's test results inaccurate.

■ The State argues that the evidence of repairs made prior to July 5, 1996 was only marginally relevant, and that its admission would have confused the jury. We do not agree. The evidence offered by Christian reveals a pattern of problems with the machine. Simply because the machine was certified on July 5, 1996, does not mean that the repairs made prior to that date are not relevant. Christian was entitled to present evidence that, despite the certification, there was an underlying problem with the circuitry of the machine. The history of repairs was relevant evidence that the jury was entitled to consider and weigh in making its decision, and the trial court erred by refusing to admit the evidence.[3] Therefore, we hold that the trial court abused its discretion in excluding the evidence of repairs made to the breathalyzer machine prior to July 5, 1996.

Reversed.

BAILEY, J., and FRIEDLANDER, J., concur.

---

2. IND.CODE § 9–30–5–2 (1993).

3. Moreover, we hold that the trial court's error was not harmless. Error is harmless if it does not affect the substantial rights of the parties. Ind. Trial Rule 61; *Bonnes v. Feldner*, 642 N.E.2d 217, 219 (Ind.1994). Here, Christian's rights were affected by the exclusion of the evidence. The result of the breathalyzer test was the only evidence presented by the State to show that Christian's blood alcohol level was .10% or greater. Therefore, the jury clearly relied on the results of the breathalyzer test in convicting Christian of operating a vehicle with a blood alcohol content of .10% or greater.