**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 06 2012, 8:41 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JOE KEITH LEWIS**
Marion, Indiana

ATTORNEY FOR APPELLEE:

**DOUGLAS D. MARTZ**
Marion, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TERI WOENKHAUS, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No.  34A02-1111-DR-1041 |
| | ) | |
| DAVID WOENKHAUS, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE HOWARD SUPERIOR COURT
The Honorable George A. Hopkins, Judge
Cause No. 34D04-1010-DR-1254

**June 6, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Teri Woenkhaus (Wife) appeals the trial court's property division order in the dissolution of her marriage to David Woenkhaus (Husband). Specifically, Wife argues that the findings of fact and conclusions of law do not support the judgment because although the trial court concluded that Wife rebutted the statutory presumption that an equal division of marital property is just and reasonable, the trial court only awarded Wife 50% of the marital property. Finding no error, we affirm and remand the case to the trial court with instructions for the trial court to place the parties' income tax refunds in the marital pot and award them to Wife.

## FACTS

Husband and Wife were married in July 1990. They have one child, a twenty-year-old son. Wife filed a petition for dissolution in October 2010, and the trial court held a hearing on the petition in August 2011. At the time of the hearing, Husband was a truck driver for Wal-Mart and earned approximately $80,000 in 2010. Wife was the office manager for a law firm and earned approximately $35,500 in 2010. The trial court issued its dissolution and property distribution order in October 2011.

In the order, Finding of Fact Number 15 provides that the parties filed joint federal and state income tax returns for 2010. They received a $6,842 federal refund and a $368 state refund. The finding of fact also states that [Wife] exercised control over all of the tax refunds. However, the trial court failed to include the tax refunds in the marital pot and distribute them.

The trial court concluded that the net marital estate was $89,706.10 and that Wife rebutted the statutory presumption that an equal division of the marital property is just and reasonable. Nevertheless, the parties agree that the trial court equally divided the marital estate. Wife appeals.

## DISCUSSION AND DECISION

Marital property includes both assets and liabilities. McCord v. McCord, 852 N.E.2d 35, 45 (Ind. Ct. App. 2006). The trial court's authority to divide marital property is governed by Indiana Code section 31-15-7-4, which provides that the trial court has the authority to divide property that was 1) owned by either spouse before the marriage; 2) acquired by either spouse in his or her own right after the marriage and before the final separation of the parties; or 3) acquired by their joint efforts.

The division of marital property is a two-step process. Thompson v. Thompson, 811 N.E.2d 888, 912 (Ind. Ct. App. 2004). First, the trial court determines what property must be included in the marital estate, which includes "all the property acquired by the joint efforts of the parties." Id. Second, the trial court must divide the marital property. Id. The statutory presumption is that an equal division of the marital property is just and reasonable. Ind. Code § 31-15-7-5. However, the trial court may deviate from this presumption. Chase v. Chase, 690 N.E.2d 753, 756 (Ind. Ct. App. 1998).

We apply a strict standard of review to a trial court's distribution of property upon dissolution. Wilson v. Wilson, 732 N.E.2d 841, 844 (Ind. Ct. App. 2000). The division of marital assets is a matter within the sound discretion of the trial court. Hyde v. Hyde,

3

751 N.E.2d 761, 765 (Ind. Ct. App. 2001). The party challenging the trial court's property division bears the burden of proof and must overcome a strong presumption that the court complied with the property division statute by considering each of the statutory factors in Indiana Code section 31-15-7-5.[1] Indeed, the presumption that the trial court correctly followed the law and made all proper considerations in dividing the marital estate is one of the strongest presumptions on appeal. Spivey v. Topper, 876 N.E.2d 781, 787 (Ind. Ct. App. 2007). Thus, we will reverse only if there is no rational basis for the award. Id.

We note that in this case, at Wife's request, the trial court made special findings of fact and conclusions of law pursuant to Indiana Trial Rule 52(A). Our standard of review is therefore two-tiered. Heiligenstein v. Matney, 691 N.E.2d 1297, 1299 (Ind. Ct. App. 1998). First, we determine whether the evidence supports the findings of fact and then whether those findings support the judgment. Id. On review, we do not set aside the trial court's findings or judgment unless clearly erroneous. T.R. 52(A). A finding is clearly erroneous when there is no evidence or inferences reasonably drawn therefrom to support it. Shively v. Shively, 680 N.E.2d 877, 882 (Ind. Ct. App. 1997). The judgment is clearly erroneous when it is unsupported by the findings of fact and conclusions entered on the findings. Id. We may affirm the judgment on any legal theory supported by the findings if that theory is consistent with "all of the trial court's findings of fact and the

---

[1] These factors included the contribution of each spouse to the acquisition of the property, the extent to which the property was acquired by each spouse before the marriage or through inheritance or gift, the economic circumstances of each spouse at the time of the disposition of the property, and the conduct of the parties during the marriage as related to the disposition or dissipation of their property.

4

inferences reasonably drawn from the findings[,] and if we deem such a decision prudent in light of the evidence presented at trial and the arguments briefed on appeal." Mitchell v. Mitchell, 695 N.E.2d 920, 924 (Ind. 1998).

Wife's sole argument is that the trial court's findings and conclusions do not support the judgment because although the trial court concluded that she rebutted the presumption that an equal division of marital property is just and reasonable, the trial court only awarded her 50% of the marital property. As noted above, Finding of Fact Number 15 states that the parties received a $6842 federal tax refund and a $368 state tax refund for 2010, and that Wife exercised control over both of the refunds. However, the trial court failed to include the tax refunds in the marital estate and distribute them.

Because the trial court included the tax refunds in the findings of fact, we believe that the trial court also intended to include the refunds in the marital pot where they were acquired by both of the working parties' joint efforts, see Nill v. Nill, 584 N.E.2d 602 (Ind. Ct. App. 1992) (holding that the trial court acted properly in including a tax refund in the property subject to division), and that the trial court's failure to do so was a mere oversight. When the refunds are added to the marital pot and distributed to Wife, Wife receives 54% of the marital property and Husband receives 46%. This distribution is consistent with the trial court's conclusion that Wife rebutted the presumption that an equal division of marital property is just and reasonable. And under such circumstances, the trial courts findings and conclusions support its judgment.

5

The judgment of the trial court is affirmed and remanded with instructions that the trial court include the federal and state tax refunds in the marital pot and award them to Wife.

KIRSCH, J., and BROWN, J., concur.