**Gregory CARTER, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 32A01–0911–CR–539.**

Court of Appeals of Indiana.

Sept. 8, 2010.

---

Lisa Diane Manning, Manning Law Office, Danville, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Nicole M. Schuster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

Gregory Carter appeals his conviction of Class D felony theft[1] and Class B felony robbery resulting in bodily injury.[2] He raises three issues for our consideration:

1. Did the trial court abuse its discretion when excluding evidence of Wal-Mart's standard operating procedures for detaining shoplifters?

2. Did some of the prosecutor's comments during *voir dire* rise to the level of misconduct resulting in fundamental error?

3. Did Carter's convictions of theft and robbery subject him to double jeopardy under the Indiana Constitution?

We affirm in part and reverse in part.

## FACTS AND PROCEDURAL HISTORY

On August 14, 2008, Carter, Ariyanna Daniels, and Edson Washington entered the Plainfield Wal-Mart with the intent to steal liquor. Carter and Daniels selected liquor bottles, Carter placed them in a stolen backpack, and then Carter ran out of the store. Susan Peters, a loss prevention officer for Wal-Mart, followed Daniels out of the store and saw Carter enter Washington's van. Peters attempted to follow Daniels into the van and detain her. Carter punched Peters in the face and left with Washington and Daniels.

Carter was convicted after a jury trial of Class D felony theft and Class B felony robbery resulting in bodily injury. He was sentenced to eighteen months for theft and ten years with seven years suspended for robbery, to run concurrently.

## DISCUSSION AND DECISION

1. *Exclusion of Evidence*

■ Carter alleges the trial court should have admitted evidence of Wal-

---

1. Ind.Code § 35–43–4–2(a).

2. Ind.Code § 35–42–5–1.

Mart's loss prevention policy. Generally, a ruling on the admissibility of evidence is reviewed for an abuse of discretion. *Combs v. State*, 895 N.E.2d 1252, 1255 (Ind.Ct.App.2008), trans. denied. We will reverse only where the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

■ This allegation of error is waived because Carter did not make an offer to prove that included a copy of the Wal–Mart loss prevention policy. Evid. R. 103(a)(2) provides error may not be predicated on a ruling that excludes evidence unless "the substance of the evidence was made known to the court by a proper offer of proof, or was apparent from the context within which questions were asked." The purpose of an offer to prove is to enable the trial court and this court to determine the admissibility and relevance of the proffered evidence. *Court View Ctr., L.L.C. v. Witt*, 753 N.E.2d 75, 85 (Ind.Ct.App.2001). The failure to make an offer to prove results in a waiver of the asserted evidentiary error. *Id.* Carter concedes he did not make an offer to prove, but asserts the substance of the evidence was apparent from the following exchange and later cross examination of Peters. We cannot agree.

During trial, defense counsel asked loss prevention supervisor Benito Bravo, "Is it Wal–Mart policy for loss prevention officer to carry a walkie talkie?" (Tr. at 264.) The State objected and defense counsel replied:

> Judge, uh, it is relevant, Mr. Delp did ask a question regarding a walking [sic] talkie as to standard equipment that uh, loss prevention officers carry at Wal–Mart. Uh, it was responded to my, uh, by uh, Mr. Bravo, the witness, that they do need to carry them and so therefore, I think it is relevant.

(*Id.* at 264–5.) Upon sustaining the objection, the court responded, "I don't think the question addressed whether or not it was policy, I don't think Wal–Mart policy is necessarily relevant to the issues here." (*Id.*)

For the substance of the evidence to be apparent from the context of the question, the testimony to be given must be so closely related to a relevant issue that it need not be spoken. *See Bedree v. Bedree*, 747 N.E.2d 1192, 1196 (Ind.Ct.App.2001) (holding the excluded testimony was relevant to whether a signature was that of a deceased party, and since a statement regarding the issue was the only testimony that could be given by the witness, no offer to prove was necessary because the substance of the evidence was apparent from the context of the question asked), *trans. denied.* The court had made a pre-trial ruling that the Wal–Mart policy was irrelevant, and defense counsel's response to the State's objection did not indicate why that evidence had become relevant. Therefore, the issue was waived for our review.

■ Waiver notwithstanding, we hold the court did not abuse its discretion when excluding Wal–Mart's policy. The Indiana Shoplifter Detention Act, Ind.Code § 35–33–6–2, governs the conduct of a merchant who detains a shoplifter, and provides in relevant part:

> (a) An owner or agent of a store who has probable cause to believe that a theft has occurred or is occurring on or about the store and who has probable cause to believe that a specific person has committed or is committing the theft:
>
> > (1) may:
> >
> > > (A) detain the person and request the person to identify himself or herself;
> > >
> > > (B) verify the identification;

(C) determine whether the person has in the person's possession unpurchased merchandise taken from the store. . . .

\*   \*   \*   \*   \*   \*

(c) The detention must:

   (1) be reasonable and last only for a reasonable time. . . .

Because Carter did not submit Wal–Mart's policy during his purported offer to prove, we are unable to assess whether there are differences between the policy and the controlling statute. Regardless, Carter has not convinced us of the relevance of the store policy to the question whether he committed the criminal offenses of theft and robbery. *See* Evid. R. 401 (" 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."). Whether Peters followed Wal–Mart policy does not change the illegality of Carter's actions.[3] Because the evidence was not relevant, the court did not abuse its discretion by excluding it. *See* Evid. R. 102 ("Evidence which is not relevant is not admissible.").

### 2. *Prosecutorial Misconduct*

■ Carter alleges the prosecutor engaged in misconduct during *voir dire* by making statements regarding the jurors' obligations to follow the court's instructions and allegedly misstating the common elements of theft and robbery. In reviewing a claim of prosecutorial misconduct, we must determine: (1) whether the prosecutor engaged in misconduct, and if so, (2) whether the misconduct had a probable persuasive effect on the jury. *Ritchie v.*

*State,* 809 N.E.2d 258, 268 (Ind.2004), *cert. denied.* Though normally referred to as "grave peril," a claim of improper argument to the jury is measured by the probable persuasive effect of any misconduct on the jury's decision and whether there were repeated occurrences of misconduct, which would evidence a deliberate attempt to improperly prejudice the defendant. *Id.* at 269.

■ Failure to present a trial objection contemporaneous to the alleged misconduct precludes appellate review of the claim, *Booher v. State,* 773 N.E.2d 814, 817 (Ind.2002), and Carter offered no such objection. Such preclusion may be avoided if the alleged misconduct amounts to fundamental error. *Id.* To prevail on such a claim, the defendant must establish not only the grounds for prosecutorial misconduct but also the additional grounds for fundamental error. *Id.* at 818. To be fundamental error, the misconduct must have made a fair trial impossible or been a clearly blatant violation of basic and elementary principles of due process that presents an undeniable and substantial potential for harm. *Id.* at 817.

■ The prosecutor's alleged misconduct was not fundamental error. The purpose of *voir dire* is "to ascertain whether jurors can render a fair and impartial verdict in accordance with the law and the evidence." *Coy v. State,* 720 N.E.2d 370, 372 (Ind.1999). "[W]e see nothing wrong in using *voir dire* to inquire into jurors' biases or tendencies to believe or disbelieve certain things about the nature of the crime itself or about the particular line of defense." *Hopkins v. State,* 429 N.E.2d 631, 635 (Ind.1981).

---

**3.** Any argument regarding violation of a store policy is more appropriate for a civil case. *See Wal–Mart v. Bathe,* 715 N.E.2d 954, 958 (Ind.Ct.App.1999) (holding a merchant may be liable in negligence for exercising authority granted under the Shoplifter Detention Act), *trans. denied.*

■ Carter argues the prosecutor attempted to condition the jurors to follow the court's instructions, regardless of the law, in raising a hypothetical about the differences between California and Indiana law regarding marijuana use for medicinal purposes. The following dialogue ensued between the prosecutor and a juror:

STATE: Right, all I'm saying is that if, if California has that law and Indiana does not recognize California prescription law, what would you do in the that case where somebody from maybe our State and he unlawfully possesses marijuana, even though his home state is legal?

JUROR: And the Judge instructs as to legal and we have to take his instruction?

STATE: You are instructed that it is illegal.

JUROR: Then I have to set aside my personal feelings then to go with the law.

STATE: Okay, as much as you disagree with it . . .

JUROR: Yes.

(Tr. at 144.)

Under Article 1, Section 19 of the Indiana Constitution, "[i]n all criminal cases whatever, the jury shall have the right to determine the law and the facts." Our Indiana Supreme Court has held that even though the jurors have the right to determine the law, they do not have the right to disregard it. *Walden v. State*, 895 N.E.2d 1182, 1184 (Ind.2008). Carter argues the prosecutor's discussion regarding a difference of laws between states was inappropriate because there is little difference in state laws regarding theft and robbery. The State argues the prosecutor

was ensuring the jury understood their role to follow the law, regardless of their personal feelings. We agree with the State, and characterize the dialogue in question to be for the purpose of determining whether the juror would be able to follow the law, regardless of personal feelings. Such an inquiry does not put Carter's right to a fair trial in jeopardy. *See Hopkins*, 429 N.E.2d at 635 (holding questions meant to expose jurors' bias and tendencies permitted during *voir dire*).

■ Carter also alleges prosecutorial misconduct during *voir dire* based on this statement:

If there is an issue in this case to when an element occurs, if you are instructed on the law, does anybody have any dispute as to if it doesn't matter where the element occurs that it is still a theft, it's still a robbery. Is everybody in agreement on that?

(Tr. at 152.) Carter argues the quote is a misstatement of the law, and improperly persuaded the jury to be receptive to the State's case. The State indicates the prosecutor was "verifying that the jurors could go outside what might be called the typical paradigm of a robbery case." (Appellee's Br. at 11.)

As we find the statement extremely difficult to understand,[4] we cannot say it could have improperly persuaded the jury to be receptive to the State's case or otherwise prejudiced the jury against Carter. Even if the statement could be understood to misstate the law, it did not make a fair trial impossible, as the jury was instructed multiple times thereafter regarding the elements of the charges against Carter. *See Benefield v. State*, 904 N.E.2d 239, 247 n. 4 (Ind.Ct.App.2009) (holding an error re-

---

4. Immediately following the prosecutor's question, the transcript says: "(no verbal response on record)." (Tr. at 152.) This sug-

gests the jury also did not understand the prosecutor's statement.

garding the element of a crime may be cured through further instruction to the jury), *trans. denied.* There was no prosecutorial misconduct during *voir dire.*

### 3. *Double Jeopardy*

██ Carter argues his conviction of and sentence for theft and robbery subjected him to double jeopardy. Article 1, Section 14 of the Indiana Constitution states, "[n]o person shall be put in jeopardy twice for the same offense." Ind.Code § 35–38–1–6 indicates, "[w]henever (1) a defendant is charged with an offense and an included offense in separate counts; and (2) the defendant is found guilty of both counts; judgment and sentence may not be entered against the defendant for the included offense." Theft is a lesser included offense of robbery. *Buchanan v. State,* 913 N.E.2d 712, 720 (Ind.Ct.App. 2009), *trans. denied.* The State concedes in its brief that Carter's theft conviction should be vacated. Accordingly, we vacate Carter's conviction and sentence for theft.

## CONCLUSION

The trial court did not abuse its discretion when excluding certain evidence, and the prosecutor's actions were not misconduct resulting in fundamental error. However, Carter's convictions of theft and robbery based on the same act subjected him to double jeopardy and, accordingly, his conviction of theft must be vacated.

Affirmed in part and reversed in part.

BAILEY, J., and BARNES, J., concur.