Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 04 2013, 5:33 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DAVID L. JOLEY**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| VICTOR GUTIERREZ, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  02A04-1302-CR-63 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable John F. Surbeck, Jr., Judge
The Honorable Marcia L. Linsky, Magistrate
Cause No. 02D06-1108-CM-4885

**October 4, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Victor Gutierrez ("Gutierrez") was convicted after a jury trial of Resisting Law Enforcement, as a Class A misdemeanor.[1] He now appeals.

We affirm.

**Issues**

Gutierrez raises two issues for our review, which we restate as:

I. Whether there was sufficient evidence to sustain his conviction; and

II. Whether the trial court abused its discretion when it did not allow him to introduce into evidence testimony or other information concerning medical diagnoses and treatment of injuries incurred during his arrest.

**Facts and Procedural History**

On August 14, 2011, Gutierrez and his girlfriend, Sarah Manifold ("Manifold"), were in Manifold's car and pulled into the rear parking lot of Portage Middle School in Fort Wayne. Fort Wayne Police Sergeant Cesar DeJesus ("Sergeant DeJesus"), who was in uniform and driving his marked police vehicle, was driving nearby when his attention was directed to the back parking lot.

Sergeant DeJesus pulled into the back parking lot and parked behind Manifold's car. Upon his approach, Manifold and Gutierrez, who appeared to have been arguing outside Manifold's car, reentered the vehicle and were about to drive away when Sergeant DeJesus activated his emergency lights. Manifold stopped the car. Sergeant DeJesus approached the vehicle; Manifold appeared to have been crying.

---

[1] Ind. Code § 35-44.1-3-1 (2012). Gutierrez was charged under the predecessor statute, I.C. § 35-44-3-3, which was repealed by P.L. 126-2012, effective July 1, 2012, and replaced by the present statute.

Sergeant DeJesus ordered Gutierrez to get out of the vehicle and to place his hands on the car. Gutierrez demanded to know why Sergeant DeJesus had stopped them, indicating that neither he nor Manifold had called for police assistance, began cursing at Sergeant DeJesus, and initially refused to provide Sergeant DeJesus with his name or identification.

Eventually, Sergeant DeJesus obtained Gutierrez's identification card from his wallet and ran Gutierrez's name through police computers. This search resulted in notification that there was an active warrant for Gutierrez's arrest.

Sergeant DeJesus exited his police vehicle, took out his handcuffs, and prepared to arrest Gutierrez, who continued yelling at the police officer. Sergeant DeJesus was able to place the handcuffs on only one of Gutierrez's wrists before Gutierrez began to spin and pull from Sergeant DeJesus's grasp, taking the other half of Sergeant DeJesus's handcuffs with him. Concerned that the loose handcuff could be used as a weapon against him, Sergeant DeJesus grabbed the portion of the cuff attached to Gutierrez's wrist and used his leg to sweep Gutierrez to the ground and complete the arrest.

The two landed on concrete in the parking lot, and during the struggle to complete the arrest, Gutierrez received several facial injuries, including abrasions and a cut in his lip.

On August 14, 2011, Gutierrez was charged with Resisting Law Enforcement.

On September 24, 2012, the State filed its motion in limine, seeking a protective order excluding from evidence "[a]ny and all comments with reference to medical treatment or diagnoses received by the Defendant as a result of the incident that occurred on August 14, 2011." (Appellant's App'x at 13.)

3

On January 16, 2013, a jury trial was conducted.[2] Shortly before jury selection was conducted, the trial court heard argument on and granted the State's motion in limine with the proviso that "[i]f the evidence comes in that these [injuries] did not occur subsequent to that [the arrest], that may open the door to some of that testimony." (Trial Tr. at 6.) At the conclusion of the trial, the jury found Gutierrez guilty as charged. Immediately thereafter, the trial court entered judgment of conviction against Gutierrez and sentenced him to ninety days imprisonment.

This appeal ensued.

## Discussion and Decision

Sufficiency of the Evidence

Gutierrez contends that the State did not adduce sufficient evidence at trial to sustain his conviction for Resisting Law Enforcement, as charged.

Our standard of review in such cases is well settled. We consider only the probative evidence and reasonable inferences supporting the verdict. Drane v. State, 867 N.E.2d 144, 146 (Ind. 2007). We do not assess the credibility of witnesses or reweigh evidence. Id. We will affirm the conviction unless "'no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt.'" Id. (quoting Jenkins v. State, 726 N.E.2d 268, 270 (Ind. 2000)). "'The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.'" Id. (quoting Pickens v. State, 751 N.E.2d 331, 334 (Ind. Ct. App.

---

[2] There were a number of pretrial motions and continuances sought, resulting in significant delay from the date on which charges were filed until the date of trial. Gutierrez makes no claim of error or prejudice in this regard, however.

4

2001)).

Here, Gutierrez was charged with Resisting Law Enforcement, as a Class A misdemeanor. In order to obtain Gutierrez's conviction, the State was required to prove beyond a reasonable doubt that Gutierrez knowingly or intentionally forcibly resisted, obstructed, or interfered with a law enforcement officer or a person assisting the officer while the officer was lawfully engaged in the execution of the officer's duties. I.C. § 35-44.1-3-1(a)(1).

On appeal, Gutierrez challenges the sufficiency of the evidence as to only one element of the offense, namely, whether his actions were "forcibl[e]" within the meaning of the statute. An individual "'forcibly resists' when 'strong, powerful, violent means are used to evade a law enforcement official's rightful exercise of his or her duties.'" Graham v. State, 903 N.E.2d 963, 965 (Ind. 2009). Such force need not, however, rise to the level of "mayhem." Id. Our supreme court held that pushing away with one's shoulders while cursing and yelling during an officer's search is sufficient to amount to the level of resistance necessary to sustain a conviction under the statute. Id. at 965-66 (citing with approval Johnson v. State, 833 N.E.2d 516, 517 (Ind. Ct. App. 2005)). While mere refusal to extend one's arms for handcuffing is not sufficiently forcible, even stiffening one's arms when an officer tries to position them for handcuffing "would suffice." Id. at 966.

Gutierrez analogizes his case to the facts of K.W. v. State, 984 N.E.2d 610 (Ind. 2013.) In K.W., our supreme court had video evidence and testimony from an arresting officer that K.W. "began to resist and pull away" while the officer was holding K.W.'s wrist.

Id. at 612. The K.W. court observed, however, that none of these actions were "beyond what is inherent in taking a step away … leaning away … or twisting and turning a little bit." Id. at 613 (quotations and citations omitted).

Here, Sergeant DeJesus testified:

I got my handcuffs ready, and I approached him and I told him he had a warrant for his arrest. Placed his hands behind his back…. I was able to get the left handcuff on…. He began to pull away, and at that time I locked both his arms down, swept his feet and we both go to the ground.

(Trial Tr. at 51-52.) At this point, Sergeant DeJesus testified, only the left handcuff had been attached, and he was unable to get the right handcuff onto Gutierrez. Sergeant DeJesus testified further that Gutierrez was "[a]rgumentative, physically resisting, pulling away from me," and he was only able to complete handcuffing Gutierrez after bringing him to the ground, "physically" pulling out Gutierrez's right arm, and affixing the other half of the handcuffs. (Trial Tr. at 54.) Sergeant DeJesus also testified that an unsecured handcuff can be readily used as a weapon, and that once an individual who is partially handcuffed breaks free, it is crucial that the individual be brought back under control to avoid the risk of injury.

Unlike K.W., here, Sergeant DeJesus was not holding Gutierrez's wrist about to start the arrest. Instead, Gutierrez had already been partially handcuffed and began to pull away at that point, with what the jury was free to infer was a ready-made weapon in his possession. As a result, we cannot say that there was insufficient evidence that Gutierrez's resistance to Sergeant DeJesus's handcuffing was forcible within the meaning of the statute.

6

Admission of Evidence

We turn now to Gutierrez's second issue, whether the trial court abused its discretion when it did not permit him to introduce into evidence testimony or other information concerning medical diagnoses and treatment of the injuries Gutierrez incurred during his arrest.[3]  We review rulings on the admission of evidence for an abuse of discretion, and reverse only where the trial court's decision is clearly against the logic and effect of the facts and circumstances before it.  Carter v. State, 932 N.E.2d 1284, 1286 (Ind. Ct. App. 2010).  Even where an evidentiary ruling amounts to an abuse of discretion, however, we will not reverse the judgment of the trial court where that error is harmless, that is, when it does not have a prejudicial effect upon the substantive rights of a party.  Ind. Trial Rule 61; Bedree v. Bedree, 747 N.E.2d 1192, 1196 (Ind. Ct. App. 2001), trans. denied.

An offer of proof is necessary to challenge on appeal a trial court's ruling denying admission into evidence proffered testimony or other information.  Ind. Evidence Rule 103(a)(2).  "The purpose of an offer to prove is to enable the trial court and this court to determine the admissibility and relevance of the proffered evidence."  Carter, 932 N.E.2d at 1287.  Failure to make an offer of proof waives appellate review.  Id.

Here, the trial court granted the State's motion in limine barring introduction of evidence concerning his medical diagnoses or treatment.  At trial, Gutierrez did not attempt to introduce testimony or other evidence into the record at trial, nor make an offer of proof.

---

[3] Gutierrez frames this issue with reference to the State's motion in limine.  However, the bulk of his argument concerns the admissibility of evidence with respect to its relevance and his rights under the Sixth Amendment of the United States Constitution, and we therefore construe his argument on that basis.

Having failed to do so, Gutierrez's claim of error is waived.

Moreover, Gutierrez has failed to establish that the trial court's denial of the admission of his proffered evidence amounted to anything other than harmless error. Sergeant DeJesus, Gutierrez, and Manifold all testified that Gutierrez had incurred injuries during the arrest, an ambulance was called, and Gutierrez was taken to the hospital, and the State introduced into evidence a photograph of Gutierrez that portrayed the injuries he incurred. (Ex. 1.) Thus, evidence of Gutierrez's injuries was admitted into evidence, and any error was harmless.

### Conclusion

There was not insufficient evidence to sustain Gutierrez's conviction for Resisting Law Enforcement. Gutierrez has waived his challenge as to the admissibility of evidence related to his injuries, and any associated error was in any event harmless. We therefore affirm the judgment.

Affirm.

MAY, J., and BRADFORD, J., concur.

8